## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Trula J. Hauanio,
Administrator of the Estate of
Anthony R. K. Hauanio, Deceased

### March 9, 1989

By JUDGE MELVIN R. HUGHES, JR.

This is a proceeding to approve a settlement of a wrongful death claim. The case requires the Court to distribute the settlement proceeds among the beneficiaries and a lienholder.

Accordingly, except for the reasons stated below, after considering the factors set out in Section 8.01-52, the Court finds the amount of distribution would be as follows:

| | |
|---|---:|
| Allen, Allen, Allen & Allen for legal services rendered | $16,666.66 |
| Allen, Allen, Allen & Allen for costs | 67.05 |
| Trent S. Kerns, guardian ad litem | 250.00 |
| Holding Funeral Home | 2,946.39 |
| Trula S. Hauanio, beneficiary of the Estate of Anthony R. K. Hauanio | 31,069.90 |
| Anthony Joshua Hauanio, age 8, beneficiary of the Estate of Anthony R. K. Hauanio | 7,000.00 |

Margaret Katherine Hauanio, age 2,
beneficiary of the Estate
of Anthony R. K. Hauanio                         7,000.00

The issue this proceeding raises is whether the worker's compensation insurance carrier has subrogation rights to any proceeds due the wife of the deceased when she, unlike the two children beneficiaries, is not currently receiving worker's compensation benefits. Because the Court decides the claimed subrogation attaches, the Court will order the proceeds to be paid to the carrier less apportioned attorney fees.

The Commonwealth of Virginia and Gates, McDonald, the deceased's employer, and the insurance carrier for worker's compensation have filed a petition requesting the Court to pay over the settlement proceeds to satisfy a lien pursuant to subrogation rights allowed by Section 63.1-43, Code of Virginia of 1950, as amended. Hereafter, the Administratrix, who is the deceased's widow, will be referred to as Trula, the deceased's infant children as Anthony and Margaret, and the Commonwealth and Gates, McDonald as Gates, McDonald, collectively.

The facts pertinent to decide this issue and subsidiary ones are these. The deceased died on January 30, 1988, as a result of an automobile accident while employed by the Commonwealth. The deceased was survived by Trula, his wife, and Anthony, then age 8, and Margaret, then age 2, children. On November 28, 1988, the Industrial Commission awarded worker's compensation payments to Anthony and Margaret and awarded payment of transportation and funeral expenses relating to the deceased's burial, all payable by Gates, McDonald. The payments due Anthony and Margaret were set to continue for 500 weeks or until one of several contingencies outlined in the Award arises. While counsel indicated at the initial hearing in this matter in December, 1988, that proceedings were then under way before the Industrial Commission to include Trula as a dependent, the only persons presently receiving benefits are Anthony and Margaret. At that time, Gates, McDonald had paid a total amount in excess of $58,000.00, including medical payments made prior to the deceased death and payments according to the award. The amount of paid benefits exceeds the proposed settlement amount.

The relevant statutes that frame the issues are the ones requiring court approval for wrongful death statutes and the set of statutes creating and governing subrogation rights due to payment of worker's compensation benefits and the manner by which those rights can be asserted.

The wrongful death statutes require Court approval of the distribution of proceeds, Section 8.01-55. In Section 8.01-55, the General Assembly has provided that the Court must approve a compromise and when ". . . the parties in interest do not agree upon the distribution to be made of what has been or may be received by the personal representative . . . the Court shall direct such distribution as a jury might under Section 8.01-52 . . ."

The worker's compensation statutes bearing on the issues here are Sections 65.1-41 and 65.1-42. The former provides:

> The making of a lawful claim against an employer for compensation under the Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party.

The latter section provides an employer the right to file a petition asserting the subrogation interest. The Court must then determine the amount of compensation, medical and funeral expenses and, by order, require the debtor to pay those amounts, if any, less an apportionment of attorney fees and expenses due to counsel for the employer and counsel for the employee or his personal representative.

Trula asserts that, as to any amount due her, Gates, McDonald's subrogation claim should be denied because she has not received worker's compensation benefits. She cites *ACB Trucking v. Griffin*, 5 Va. App. 542, 365 S.E.2d 334 (1988), for the proposition that subrogation rights

must be asserted against beneficiaries on an individual basis that such rights my not be claimed against an individual who never received compensation from the employer.

She argues the worker's compensation subrogation statutes cannot negate the Court's authority to distribute wrongful death damages. She urges in the event of conflict between one statute and another, the task for the Court is to then harmonize conflicting provisions and here, determine "to what extent the . . . Commonwealth's claim shall be compromised."

The guardian ad litem argued all settlement proceeds ought to go to Trula in the best interest of Anthony and Margaret.

Gates, McDonald argues subrogation rights attach upon the "making of a lawful claim for worker's compensation . . ." irrespective of whether an individual wrongful death beneficiary actually receives worker's compensation, as long as claims are made and paid.

On review of Gates, McDonald's letter memorandum submitted after the court reconvened counsel in February, 1989, the Court finds Gates, McDonald properly distinguishes *ACB Trucking* from this case. In *ACB*, the question was how to resolve a conflict in statutes allowing compensation benefits on the one hand and statutes allowing subrogation rights on the other. The Court properly reasoned that statutes in seeming conflict with one another must be harmonized and construed together. What is important here is that Section 65.1-41, in the context of this proceeding, expressly states otherwise. In *ACB*, the Court of Appeals ruled the Industrial Commission had to match each individual worker's compensation benefits with that individual's third party recovery to determine the extent of subrogation rights. This does not mean as Trula argues that subrogation rights apply only to those receiving benefits under the Act.

Section 65.1 gives an employer a subrogation right after "the making of a lawful claim against an employer for compensation under the [Worker's Compensation] Act." The statute does not require that the beneficiary of the worker's compensation benefits and the beneficiary of the third party's settlement award be the same person. The language of Section 65.1-41 is general and is consistent with Gates, McDonald's position. Since apparently a lawful

claim was made against the employer by the minor children by this statute, all rights to recover damages from any third party were assigned to Gates, McDonald. There is no disharmony in the wrongful death statutes and the worker's compensation statutes given the statutory right delineated in Section 63.1-42 reserving to an employer the right to bring on a petition seeking debtor payment over of appropriate amounts due under subrogation. The Court has no power to reduce the amount of the lien in these instances or determine the extent to which the Commonwealth's claim ought to be compromised, as it does in other cases. *See* Section 8.01-66.9.

The Court is greatly concerned over what happens when, as here, a beneficiary has suffered loss, receives no worker's compensation, the statute applies, and because other beneficiaries receive compensation, gets no recovery whatsoever. The purpose of a subrogation statute like this one is to prevent double recovery by a claimant. This purpose is not served when an uncompensated claimant is denied the benefits of a third party settlement offer simply because another Worker's Compensation beneficiary has previously filed a claim against the employer. Worker's Compensation benefits are intended to be an exclusive recovery for an individual claiming under the Act. Section 65.1-41 goes further and mandates Worker's Compensation as an exclusive remedy for all potential beneficiaries and one individual has filed a claim against the employer. Nevertheless, the language of the statute is clear, and any changes are better left for the legislature.

Mr. Newman is directed to provide a suitable draft for order allowing for payments of the net proceeds to Gates, McDonald after deduction of one-third for attorney fees less $600.00 allowed for its attorney fees and the amount indicated above for the guardian ad litem. The order should have a provision for exceptions.